McNEARY'S ARBORISTS v. CARLEY CAPITAL GROUP

[103 N.C. App. 650 (1991)]

McNEARY'S ARBORISTS, INC., PLAINTIFF v. CARLEY CAPITAL GROUP; DAVID CARLEY; JAMES CARLEY; FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE; ROBERT E. PERRY, JR.; RICHARD W. WILSON; FRANK J. LANGELOTTI AND WIFE, THERESA M. LANGELOTTI; WILLIAM G. WESTPHAL AND WIFE, BARBARA L. WESTPHAL; BOBBY W. GORDON, JR.; AND HOME SAVINGS OF AMERICA, F.A., DEFENDANTS

No. 9026SC887

(Filed 6 August 1991)

**Mortgages and Deeds of Trust § 7 (NCI3d) — construction loan deed of trust — future advances — expiration — intervening mechanic's lien**

Where a construction loan deed of trust provided that the period within which the owner's future obligations could be incurred thereunder expired on 3 March 1988, pursuant to N.C.G.S. § 45-68(1) the only obligations incurred by the owner that related back to the recording date of the deed of trust were those incurred through 3 March 1988, and obligations incurred after that date did not have seniority over plaintiff's intervening mechanic's lien even though the owner and the lender later made an agreement to extend the term in which obligations could be incurred.

**Am Jur 2d, Mortgages §§ 352, 358, 359.**

APPEAL by plaintiff from order entered 1 June 1990 by *Judge Samuel A. Wilson, III* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 6 May 1991.

The appeal is from an order of partial summary judgment holding that plaintiff's mechanics' lien against the property of Carley Capital Group is subordinate in all respects to a deed of trust thereon held by First Federal Savings and Loan Association of Charlotte. The affidavits and other materials before the court establish the following facts:

Plaintiff constructed and installed an irrigation-water system in Carley Capital Group's Welwyn Cluster Homes project in Mecklenburg County and by this action seeks to enforce a lien upon the property in the amount of $12,947.34 under the provisions of G.S. 44A-7, *et seq.* Plaintiff's construction complied with the terms of the contract it had with Carley; the first labor and materials were

furnished on 14 August 1987 and the last on 4 October 1988. On 4 March 1987, several months before plaintiff began its work, a deed of trust securing a construction loan by First Federal was recorded against the project. It contained the following future advances clause:

WITH RESPECT TO FUTURE LOAN DISBURSEMENTS:

That this deed of trust is executed and delivered partly to secure future obligations which may be incurred hereunder from time to time and pursuant thereto; that the amount of present obligations secured hereby is $75,605.62; that the maximum amount of present and future obligations which may be secured hereby at any one time is $2,234,700.00 (plus accrued and unpaid interest thereon); that Beneficiary's obligation to make future advances is obligatory; and that the period within which future obligations may be incurred hereunder expires March 3, 1988.

On 10 June 1988 Carley and First Federal modified these terms by an agreement that contained the following future advances clause:

The time period within which future disbursements are to be made is the period between the date hereof and November 30, 1988; provided, however, that said period may be extended by the Lender up to, but not more than, ten years from the date of the Note.

Carley defaulted in its obligations to First Federal in September, 1988, and after this action was filed its property still subject to the deed of trust was foreclosed upon and sold to First Federal for $1,250,000.00. Carley's debt to First Federal then amounted to $1,358,736.54; $522,737.35 of which was incurred between 3 March 1988 and 10 June 1988 and $337,655.01 after 10 June 1988.

In hearing the opposing motions for summary judgment the parties and court alike proceeded upon the premise that First Federal's deed of trust and plaintiff's lien had the same hold upon the sale proceeds that they had on the real property and that First Federal's deed of trust was senior to plaintiff's lien with respect to all obligations that Carley incurred through 3 March 1988. The main issue disputed was whether under the provisions of the deed of trust plaintiff's lien was subordinate to the obligations incurred by Carley after 3 March 1988. The court ruled that it was.

*Johnston, Taylor, Allison & Hord, by Greg C. Ahlum and John A. Morrice, for plaintiff appellant.*

*Parker, Poe, Adams & Bernstein, by Irvin W. Hankins III and Josephine H. Hicks, for defendant appellees.*

PHILLIPS, Judge.

The trial court's holding is erroneous, and we reverse it. For a deed of trust or other security instrument to have priority from the date of recordation as to obligations incurred after the instrument is recorded, G.S. 45-68(1) requires that the instrument show three things, one of which is:

    c. The period within which such future obligations may be incurred, which period shall not extend more than 10 years beyond the date of the security instrument.

Under the explicit terms of First Federal's deed of trust, the period within which Carley's future obligations could be incurred expired on 3 March 1988. Thus, under the provisions of G.S. 45-68 the only obligations incurred by Carley that related back to the recording date of the deed of trust were those incurred through 3 March 1988, and the obligations incurred after that date did not have seniority over plaintiff's intervening lien. The agreement later made by Carley and First Federal to extend the term in which obligations could be incurred did not affect plaintiff's rights under the deed of trust as recorded.

The partial summary judgment in favor of defendants is reversed and the case remanded to the trial court for the entry of an order enforcing plaintiff's lien against the sale proceeds held by the trustee.

In their brief defendant appellees argued two other questions but they were not raised in the trial court and cannot be considered.

Reversed and remanded.

Judges ARNOLD and WELLS concur.